# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BURNETT-EL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09CV932 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's "petition [to] the Federal Government for Redress of Grievance - First Amendment to the United States Constitution." Because movant alleges that the Court lacked subject matter jurisdiction of his criminal action and seeks to vacate his criminal sentence, movant's petition will be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [#1]. Because the motion is both time barred and patently frivolous, it will be dismissed.

## Motion to Vacate

On November 2, 2007, after movant pled guilty to Count I of the indictment, felon in possession of a firearm, the Court sentenced movant to 90 months imprisonment followed by three (3) years of supervised release. Movant did not file an appeal.

Movant seeks to vacate, set aside or correct his conviction and sentence arguing that the Court lacked jurisdiction over his criminal case because "Title 18 U.S.C. §

922(g) has three (3) separate and distinct acts...and is not registered in (C.F.R.) Code of Federal Regulations index..."

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims
>
> presented could have been discovered through the exercise of
>
> due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. §

2255(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final ten days after the judgment was entered on November 2, 2007. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired in November of 2008. Thus, movant's motion to vacate is barred by the statute of limitations.

Moreover, movant's argument that the Court lacked jurisdiction over his criminal action because "Title 18 U.S.C. § 922(g) has three (3) separate and distinct acts...and is not registered in (C.F.R.) Code of Federal Regulations index..." is patently frivolous and fails to allege any facts, which if proved, would afford a basis for the granting of relief. Rule 4 of the Rules Governing Section 2255 Proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Robert Burnett-EL to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>1st</u> Day of July, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE